Case 1:21-cv-11097-JGK-JLC   Document 44   Filed 04/11/22   Page 1 of 9

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/11/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| J&A CONCRETE CORP.,<br><br>         Plaintiff,<br><br>-vs-<br><br>DOBCO, INC. and ARCH INSURANCE COMPANY,<br><br>         Defendants.<br><br><br>ARCH INSURANCE COMPANY,<br><br>         Counterclaim Plaintiff,<br><br>-vs-<br><br>J&A CONCRETE CORP., 84 MAIN STREET CORP., MARTINS REAL ESTATE ENTRPRISES, LLC, MARTINS RENTAL CORP., J&A CONTRACTING CORP. OF NEW YORK, ANTONIO MARTINS, PATRICIA MARTINS, JONATHAN MARTINS, ELEANORE MARTINS, JOAO LOBATO, MARLENE LOBATO, THOMAS PERRI, VANESSA PERRI, JACK MARTINS, PAULA MARTINS, ESTATE OF ANTONIO MARTINS, GLORIA MARTINS, J&A CONCRETE PUMPING CORP., and 68-70 OCR CORP.,<br><br>         Counterclaim Defendants. | Case No.: 21-CV-11097<br><br>**Confidentiality Order** |

## AGREED CONFIDENTIALITY ORDER

   This matter is before the Court pursuant to Fed. R. Civ. P. 26(c) for entry of a Confidentiality

Order, governing the disclosure and protection of confidential, sensitive, or proprietary information

sought by the Parties[1] during discovery in this action (the "Action"). In order to facilitate discovery while preserving and protecting the confidentiality and privacy of certain information, documents, and/or testimony, and in the interests of justice, it is hereby ORDERED:

1. This Confidentiality Order shall govern all information, documents, testimony, or materials in this action, which have been designated as "Attorneys' Eyes Only" or "Confidential" by the Parties. The Parties may designate any information, documents, testimony, or materials as "Attorneys' Eyes Only" or "Confidential" which the designating Party reasonably believes falls within the descriptions below. "Attorneys' Eyes Only" and "Confidential" information, documents, and/or testimony is collectively referred to herein as "Confidential Material."

2. The Parties shall produce such Confidential Material subject to the following terms and conditions set forth in this Confidentiality Order. Said Confidential Material will be designated by the Parties as "Confidential" under the terms of this Confidentiality Order and shall be so marked.

3. Any and all persons obtaining access to Confidential Material pursuant to this Confidentiality Order may use the Confidential Material only in connection with the Action, and shall not use the Confidential Material for any other purpose whatsoever.

4. "Confidential" material includes information, documents, and/or testimony not in the public domain, which is confidential, sensitive, or proprietary, or information otherwise entitled to protection under Fed. R. Civ. P. 26 including, without limitation, financial and other proprietary business records, and/or certain personal information.

---

[1] The "Parties" to this Confidentiality Order are collectively: (i) J&A Concrete Corp. ("Plaintiff"); (ii) Dobco, Inc. and Arch Insurance Company (collectively, "Defendants"); (iii) 84 Main Street Corp., Martins Real Estate Enterprises, LLC, Martins Rental Corp., J&A Contracting Corp. of New York, Antonio Martins, Patricia Martins, Jonathan Martins, Eleanore Martins, Joao Lobato, Marlene Lobato, Thomas Perri, Vanessa Perri, Jack Martins, Paul Martins, Estate of Antonio Martins, Gloria Martins, J&A Concrete Pumping Corp., and 68-70 OCR Corp (collectively, the "Counterclaim Defendants"); and (iv) any third-party subject to discovery in this Action.

5. "Attorneys' Eyes Only" shall mean Confidential Information for which the Party designating the Documents as "Attorneys' Eyes Only" believes in good faith at the time of the designation that the information contained in the Documents qualifies as sensitive information that can cause harm to the Producing Party if disclosed to any other Parties or non-party. The provisions of this Stipulation, including all usage, dissemination, and disclosure limitations, shall be applicable to "Attorneys' Eyes Only" in the same manner as "Confidential Information," except that notwithstanding any other provision of this Stipulation, no disclosure of Attorneys' Eyes Only information may be made to any persons other than (i) a Party's counsel of record in this Action, and their paralegals, support staff personnel, and service vendors (including outside copying and litigation support services) that are directly assisting such counsel in the conduct of this Action, (ii) expert witnesses or consultants retained by the Parties or their counsel to furnish technical or expert services in connection with this Action or to give testimony with respect to the subject matter of this Action, (iii) outside photocopying services, graphic production services, support services, and document hosting vendors retained by the Parties, or their respective counsel, and (iv) any other person whom the Parties agree in writing.

5. If counsel for a party receiving documents or information designated as Confidential hereunder objects to such designation of any or all of such items, the following procedure shall apply:

    a. Counsel for the objecting party shall serve on the designating party or third party a written objection to such designation, which shall describe with particularity the documents or information in question and shall state the grounds for objection. Counsel for the designating party or third party shall respond in writing to such objection within ten (10) days, and shall state with particularity the grounds for asserting that the document or information is Confidential. If no timely written response is made to the objection, the challenged designation will be deemed to be void. If the designating party or nonparty makes a timely

       response to such objection asserting the propriety of the designation, counsel shall then confer in good faith in an effort to resolve the dispute.

    b.    If a dispute as to a Confidential designation of a document or item of information cannot be resolved by agreement, the opponent of the designation being challenged shall present the dispute to the Court initially by telephone or letter before filing a formal motion for an order regarding the challenged designation.  The burden is on the proponent seeking confidentiality.

    c.    The document or information that is the subject of the filing shall be treated as originally designated pending resolution of the dispute.

6.    If counsel for a party receiving documents or information designated as Attorney's Eyes Only objects to such designation of any or all of such items, the following procedure shall apply:

    a.    Counsel for the objecting party shall serve on the designating party or third party a written objection to such designation, which shall describe with particularity the documents or information in question and shall state the grounds for objection within ten (10) days of receipt of the document(s).  Counsel for the designative party shall respond in writing within ten (10) days, and shall state with particularity the grounds for asserting that the document or information is Attorney's Eyes Only.  The parties shall meet and confer in good faith in an effort to resolve the dispute. If no timely written response is made to the objection, the Attorney's Eyes Only designation will be deemed to be void and the document or information will thereafter be treated as if it were labeled "Confidential."

    b.    If a dispute as to the designation of a document as Attorney's Eyes only cannot be resolved, Counsel for the designating party or third party shall, within twenty (20) days after receipt of the written objection, make an application with the Court by letter motion for an order regarding the challenged designation.  The burden is on the proponent seeking the Attorney's Eyes Only designation. If the designating party fails to make such a motion in a timely fashion, the Attorney's Eyes Only designation will be deemed to be void, and the document or information will

    thereafter be treated as if it were labeled "Confidential."

 c. If a motion is timely filed pursuant to ¶6(b), the document or information that is the subject of the filing shall be treated as originally designated pending resolution of the dispute.

7. Nothing in this Confidentiality Order shall be deemed to be a waiver of any Party's right to oppose production or admissibility of any Confidential Material on any grounds.

8. Confidential Material shall maintain its confidential status unless: (i) The designating Party agrees to withdraw any confidential designation of a particular document or information; or (ii) the Court enters an order determining that a particular document or information is not confidential; or (iii) they are no longer deemed confidential by virtue of the fact that they are in the public domain and/or not proprietary.

9. Documents or information designated as "Confidential" in this action may be disclosed only to:

 a. The Parties and the parties to the Action;

 b. Counsel for the Parties and parties to the Action and employees of such counsel assigned to this Action;

 c. Any consultant, investigator or expert engaged to assist in the preparation and trial of this litigation, but only to the extent reasonably necessary for such expert to render assistance;

 d. A deponent or witness in the course of their testimony;

 e. Court reporters and videographers engaged to record and transcribe testimony in connection with this action, as well as outside discovery/trial support vendors;

 f. The Court and its personnel.

10. Confidential Material must be kept and maintained only by counsel for the Parties in the Action, except as provided in paragraphs five (5) and eight (8) above. To the extent any expert witness needs to review Confidential Material in connection with his or her work for this case, said expert may keep the Confidential Material only for as long as reasonably necessary for his or her work in the Action, and then must immediately return the Confidential Material to counsel for the Party which has retained that expert.

11. Any and all expert witnesses and other non-Parties described above to whom the Confidential Material is disclosed shall first be given a copy of this Confidentiality Order, and that person shall read the Confidentiality Order and agree in writing to be bound by its terms prior to the disclosure to them of any of the Confidential Material or the contents of same.

12. Whenever Confidential Material is to be discussed or disclosed in a deposition, any person (not including any Court reporter and/or notary) who would not be entitled to review the Confidential Material under this Confidentiality Order shall be excluded from the room. At its sole discretion, the Party asserting confidentiality may request for that portion of the deposition transcript discussing or referring to the Confidential Material to be sealed and/or excluded.

13. If any Confidential Material is used as an exhibit to or incorporated in any other manner in pleadings, motions, affidavits, briefs, memoranda, transcripts, testimony, trial, or any other paper or document filed with the Court, at the sole discretion of the Party asserting confidentiality, that Party may request for that portion of any matters discussing or referring to the Confidential Material to be sealed and/or excluded, as provided for by applicable authority, including, the Court's Orders and Local Rules. The Party intending to use Confidential Material for the purposes described in this paragraph shall provide the designating Party with no less than two (2) business days advance written notice of any intention to use any Confidential Material in any pleadings, motions,

affidavits, briefs, memoranda, transcripts, testimony, trial, or any other paper or document filed with the Court and shall only be filed under seal while any request for the Confidential Material to be sealed and/or excluded is being considered by the Court. The Court retains discretion to determine whether any Confidential Material shall be sealed.

14. Any summary, compilation, notes, copy, electronic image, or database containing Confidential Material shall be subject to the terms of this Confidentiality Order to the same extent as the material or information from which such summary, compilation, notes, copy, electronic image, or database is made or derived.

15. Inadvertent production of any document and/or information and/or the inadvertent failure to designate any document and/or information as "Attorneys' Eyes Only" or "Confidential" shall not constitute a waiver of any claim for protection, including any applicable privilege. In the case of any inadvertent production of any document and/or information which is subject to any claim for protection and/or privilege, the documents and/or information, together with all copies thereof and any notes therefrom shall be returned immediately to the Party making any claim that the document and/or information is subject to protection and/or privilege.

16. No information that is in the public domain or which is already known by the receiving party or which is or becomes available to a party from a source other than the party asserting confidentiality, rightfully in possession of such information, shall be deemed or considered to be Confidential material under this Consent Order.

17. This Confidentiality Order, insofar as it restricts the communication and use of Confidential Material, shall continue and be binding throughout and after the conclusion of the Action, including any appeals.

18. Within thirty calendar (30) days after the conclusion of the Action including any and all appeals, counsel for the Parties shall destroy all designated Confidential Material received from any other Party or non-Party, including all copies thereof.  This requirement to destroy Confidential Material also includes and applies to any notes or other writings that reflect the Confidential Material, including any notes or writings of any expert witnesses retained in this action that reflect the Confidential Material. Counsel for the Parties shall confirm in writing within five calendar (5) days after the conclusion of the Action that all copies of Confidential information and any related internal notes that reflect the Confidential Material have been destroyed.

19. This Confidentiality Order shall survive the conclusion of the Action, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder.

20. The Parties shall have the right to enforce this Confidentiality Order by obtaining injunctive relief without the necessity of posting any bond or other security and without waiving or limiting any other rights or remedies the Parties may have with respect to any breach or violation of this Confidentiality Order.

Dated: April 11, 2022                                          Respectfully submitted,

| *s/ Paul J. Tuck* | *s/ Greg Trif* |
|---|---|
| Paul J. Tuck, Esq.<br>HARRIS BEACH PLLC<br>677 Broadway, Suite 1101<br>Albany, New York 12207<br><br>***Attorneys for Plaintiff J&A Concrete Corp. and Counterclaim Defendants.*** | Greg Trif, Esq.<br>TRIF & MODUGNO, LLC<br>11 Broadway, Suite 615<br>New York, New York 10004<br>(917) 477-2999<br><br>***Attorneys for Defendant Dobco Inc.***<br><br><br>*s/ Elliot Joffe*<br><br>Elliott Joffe, Esq.<br>BARON SAMSON LLP<br>27 Horseneck Road, Suite 210<br>Fairfield, NJ 07004<br><br>***Attorneys for Defendant/Counterclaim-Plaintiff Arch Insurance Company*** |

**SO ORDERED.**

Dated: April 11, 2022
       New York, New York

_____
JAMES L. COTT
United States Magistrate Judge